UNITED STATES of America, Appellee,

v.

Sebastian TAMAYO, Jose Cortez, Nixon Hurtado, Defendants– Appellants.

Nos. 05–1833–cr (L), 05–2547–cr (Con).

United States Court of Appeals, Second Circuit.

May 4, 2007.

Paul Testaverde, Elmhurst, New York, for Defendant–Appellant Cortez.

Boyd M. Johnson III, Kevin R. Puvalowski, Assistant United States Attorneys, Southern District of New York (Michael J. Garcia, United States Attorney, on the brief), New York, New York, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ CABRANES, Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Jose Cortez appeals from a judgment of conviction entered in the District Court pursuant to a guilty plea to conspiracy to launder narcotics proceeds in violation of 18 U.S.C. § 1956(a)(1)(B). Cortez argues that his conviction violates the Double Jeopardy Clause because he was previously convicted in New York State court for the same conduct.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court against Jose Cortez is **AFFIRMED.** The Double Jeopardy Clause does not bar successive prosecutions brought by separate state sovereigns. *See Heath v. Alabama,* 474 U.S. 82, 88–89, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). The District Court properly held that the exception to the dual sovereignty doctrine as set forth in *Bartkus v. Illinois,* 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), did not apply. Cortez introduced no evidence indicating that the New York State government "effectively manipulated the actions of the federal government, so that federal officials retained little or no independent volition." *United States v. 38 Whalers Cove Drive,* 954 F.2d 29, 38 (2d Cir.1992).

Accordingly, the judgment of the District Court in the case against Jose Cortez is hereby **AFFIRMED.**